UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

R.K., a minor, by and through her mother and next friend, J.K;

W.S., a minor, by and through her parent and next friend, M.S.;

S.B., a minor, by and through his parents and next friends, M.B and L.H.;

M.S., a minor, by and through her parent and next friend, K.P.;

T.W., a minor, by and through her parent and next friend, M.W.;

M.K., a minor, by and through her parent and next friend, S.K.;

E.W., a minor, by and through his parent and next friend, J.W.; and

J.M., a minor, by and through her parent and next friend, K.M;

and on behalf of those similarly situated,

 Plaintiffs,

v.

BILL LEE, in his official capacity as Governor of Tennessee; PENNY SCHWINN, in her official capacity as Capacity of the Tennessee Department of Education,

 Defendants.

Case No. **3:21-cv-00853**

**Chief District Judge Waverly Crenshaw**

**PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

1

Plaintiffs are school-age children with disabilities that render them medically vulnerable to COVID-19. Due to the "alleged conflict and possible confusion … for school in Tennessee," the Court has issued an Order maintaining the status quo prior to the effective date of Tenn. Code Ann. §14-2-104. (Doc. 8).

## I. CONFLICT AMONG SCHOOL DISTRICTS HAS BEEN REALIZED

Plaintiffs file this Supplemental Brief in anticipation of Monday's hearing and to advise the Court that conflicts among the school districts have, indeed, come to fruition within Metro Nashville, Shelby County, Williamson County Schools, and the Franklin Special School District (FSSD).

On November 12, 2021, Governor Lee signed Tenn. Code Ann. §14-1-104.

### A. METRO NASHVILLE

Metro Nashville chose not to lift its mask mandate. It is advising parents of the following:

> Our strong desire is to get to a point where masks are no longer necessary, and our classroom environment looks like it did back before the start of the pandemic. Unfortunately, there is still COVID transmission throughout our community, and we are still seeing dozens of cases a week of students testing positive for the virus. Additionally, the CDC still recommends that K-12 schools adopt universal masking rules to reduce transmission in buildings and while students ages 5-11 have begun receiving their COVID-19 vaccine if their parents want them to, it takes five weeks from the first dose for a person to be considered fully vaccinated.

(Ex. A).

Dr. Adriene Battle, Director of Schools for Metro Nashville Public Schools ("MNPS"), has also expressed her frustration in the attached declaration stating that "MNPS believes that decision about masking should be based on science and in the best interests of all students." (Ex B: Decl. of Dr. Adrienne Battle). She stated that the "accommodation process set forth in HB9077/SB9014 is confusing and unfeasible. Purchasing N95 masks will be expensive and because of supply chain issues cannot be readily obtained. It is unclear what, if anything, is required or permitted in terms

of requiring other students to mask as an accommodation for students with disabilities." (*Id.*). Further, Dr. Battle states that the "provisions adopted by HB9077/SB9014 risk the health and safety of students, particularly those who are immunocompromised, by preventing the district from adopting policies based on scientific healthcare guidance." (*Id.*) "MNPS would prefer to be able to make decisions that keep students safe—especially those with disabilities that make them more medically vulnerable to COVID-19—without risking state funding for doing so." (*Id.*)

**B.     SHELBY COUNTY**

In Shelby County, Shelby County Health officials sought guidance from Judge Lipman about whether it can enforce its health orders requiring public schools to mask. Judge Lipman ruled Friday afternoon that the preliminary injunction in Shelby County overrides the new law ("Mask Mandate Ban"), specifically with respect to the provision that Governor Lee has "exclusive jurisdiction" over Health Departments. As a result, the Shelby County Health Department can enforce its health orders for masks. *G.S. v. Lee*, No. 2:21-cv-02552-SHL-atc (Doc. 87)(November 11, 2021). Nevertheless, due to the enactment of Mask Mandate Ban, the Shelby County municipal school districts of Arlington, Bartlett, Collierville, Germantown, Lakeland, and Millington all issued statements to families stating that masks would not be required beginning Monday as the new law prohibited such requirements.[1]

**C.     WILLIAMSON AND FRANKLIN SPECIAL SCHOOL DISTRICT**

On November 13, 2021, without even approaching this Court in No. 3:21-cv-00725, much less engaging the interactive process with those plaintiffs, Williamson County Schools and FSSD determined that the state law "eliminates our mask requirement."

---

[1] https://www.commercialappeal.com/story/news/education/2021/11/13/germantown-collierville-schools-say-masks-are-optional-monday/8606576002/

Williamson County Schools sent this email to all parents:

> **From:** Carol Birdsong <noreply@wcs.edu>
> **Date:** November 12, 2021 at 5:50:14 PM CST
> **To:** WILLIAMSON COUNTY SCHOOLS Recipients <recipients@wcs.parentlink.net>
> **Subject: New Law Takes Effect Immediately**
> **Reply-To:** Carol Birdsong <noreply@wcs.edu>
>
> Hello Williamson County Students, Families and Staff,
>
> As you may know, the Tennessee State Legislature met in special session late last month and passed legislation that **eliminates our mask requirement based on the number of positive cases in our community**. The Governor signed the legislation into law late today. You may also recall that we were under a federal court order to require masks. While that case remains active, **the terms of the current temporary order do not conflict with us following this new State law**.
>
> Effective immediately, the mask requirement is no longer applicable for students, staff, volunteers and visitors in Williamson County Schools.
>
> As shown on the district website, active COVID-19 case numbers in our school communities are substantially lower than what we were experiencing earlier in the school year. As of Friday, November 12, we have 74 reported COVID cases among students and 14 among staff. There are no reported student cases in 23 of our 49 school sites. There are no reported staff cases in 40 of our schools.
>
> Students, employees, volunteers or visitors who want to continue to wear a mask are welcome to do so. If your child needs an additional accommodation, please email your school principal.
>
> Thank you!
>
> Carol Birdsong
> Executive Director of Communications

(Ex. C, emphases added)

FSSD did the same, stating that Governor Lee's bill "changes how the state responds to COVID-19, including the elimination of school mask requirements":



(Exhibit D).

These changes were obviously precipitated by the Governor's passage of the new law.²

---

²     Previously, in Case No. 3:21-cv-00725, *R.K. v. Lee*, Judge Crenshaw ordered the WCBOE and FSSD to advise of their positions on masking going forward should the Executive Order be lifted. The FSSD advised the Court that it would extend its mask mandate "through midnight on

**D. CRITERIA THAT USURP ADA IS NOT ALLOWED**

Of course, neither the science nor Plaintiffs' needs suddenly changed with the stroke of the Governor's pen Friday afternoon (November 12, 2021). What changed, of course, are the barriers and blanket standards put in place by the state law that are inconsistent with the ADA. No state may use "criteria or methods of administration" that subject Plaintiffs to discrimination. *Id.* (citing 28 C.F.R. § 35.130(b)(3)(i), (ii)).

> "[Courts] are mindful of the general principle that courts will not second-guess the public health and safety decisions of state legislatures acting within their traditional police powers. But when Congress passes antidiscrimination laws like 'the ADA which require reasonable modifications to public health and safety policies, it is incumbent upon the courts to [e]nsure that the mandate of federal law is achieved.'"

*Arc of Iowa v. Reynolds*, No. 4:21-cv-00264, 2021 U.S. Dist. LEXIS 172685, at *41 (S.D. Iowa Sep. 13, 2021) (citations omitted).

By advising the court of conflicting stances created by Tennessee's passage of the new law, Plaintiffs are not arguing whether there has been, as District Judge Lewis put it, legislative "COVID incompetence." *Disability Rights S.C. v. McMaster*, 2021 U.S. Dist. LEXIS 185495, at *26-27 (D.S.C. Sep. 28, 2021). Plaintiffs instead are pointing out that state standards cannot usurp federal standards. Masks, much like ramps, must be an option *allowed* by local school districts, without complicated state legislative barriers frustrating the ADA. *Id.*[3]

---

January 11, 2022," and stated: "In the absence of Executive Order 84, the District's mask policy would almost certainly be more stringent." (D.E. 26).

Similarly, WCBOE advised the Court of its success with voluntary masking and, if Executive Order 84 were lifted, how it planned to *continue* masking until January 19, 2022. (See D.E. 37). The Court cited those representations in its Order. *R.K. v. Lee*, 2021 U.S. Dist. LEXIS 204078, at *24 (M.D. Tenn. Oct. 22, 2021).

[3] As stated in the Complaint, the barriers in the new state law are severe indeed: (1) waiting until COVID consumes the schools ("severe conditions") and the Governor has issued a "state of emergency" to even consider an accommodation, §14-2-104(a)(2); §14-1-104(20)(defining severe

6

Case 3:21-cv-00853   Document 9   Filed 11/14/21   Page 6 of 9 PageID #: 113

> Years ago, ramps were added to schools to accommodate those with mobility-related disabilities so they could access a free public education. Today, a mask mandate works as a sort of ramp to allow children with disabilities access to their schools. Thus, the same legal authority requiring schools to have ramps requires that school districts have the option to compel people to wear masks at school.
>
> And, just as a law forbidding a school district to install ramps in its building would be held to be an affront to Title II and Section 504, so is Proviso 1.108, which proscribes a school district from mandating masks, even when it concludes it is appropriate to do so. Accordingly, masks must, at a minimum, be an option for school districts to employ to accommodate those with disabilities so they, too, can access a free public education.

*Id.* at *28-29 (D.S.C. Sep. 28, 2021).

---

conditions); (2) limiting the ban to "fourteen days," §14-2-104(a)(3)(C); (3) requiring the school to have "N95" masks," §14-2-104(a)(4); (4) changing the legal standard for evaluating requests for accommodation, §14-2-104(d)(1),(2); (5) segregating the students, §14-2-104(d)(2); (5) eliminating state funds for face coverings, upon pain of denial of funding largely, §14-2-104(e); and eliminating contact tracing such that valid statistics on the spread would even be *known*. §14-4-101(b).

7
Case 3:21-cv-00853   Document 9   Filed 11/14/21   Page 7 of 9 PageID #: 114

Respectfully Submitted,

**GILBERT LAW, PLC**

/s Justin S. Gilbert
Justin S. Gilbert (TN Bar No. 017079)
100 W. Martin Luther King Blvd, Suite 501
Chattanooga, TN 37402
Telephone: 423.756.8203
Facsimile: 423.756.2233
justin@schoolandworklaw.com

**DONATI LAW, PLLC**

/s/Bryce W. Ashby
Bryce W. Ashby—TN Bar #26179
Brice M. Timmons—TN Bar #29582
Craig A. Edgington -—TN Bar #38205
1545 Union Avenue
Memphis, TN 38104
Phone: 901.278.1004
Fax: 901.278.311
Email:
bryce@donatilaw.com
brice@donatilaw.com
craig@donatilaw.com

&

**THE SALONUS FIRM, PLC**
/s Jessica F. Salonus
JESSICA F. SALONUS (TN Bar 28158)
139 Stonebridge Boulevard
Jackson, Tennessee 38305
Telephone: (731) 300-0970
Facsimile: 731.256.5711
jsalonus@salonusfirm.com

***ATTORNEYS FOR PLAINTIFFS***

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiffs' Supplemental Brief in Support of Motion for Temporary Restraining Order or Preliminary Injunction was served via email on this the 14th day of November, 2021, on the Office of the Attorney General via email at the contact information below.

**GOVERNOR BILL LEE**
**COMMISSIONER PENNY SCHWINN**
James R. Newsom (#6683)
Assistant Attorney General
P.O. Box 20207
Nashville, TN 37202
Telephone: 615-741-2472
Jim.newsom@ag.tn.gov
*ATTORNEY FOR GOVERNOR BILL LEE AND PENNY SCHWINN,*
*IN THEIR OFFICIAL CAPACITY*

/s Bryce Ashby