# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **R.K.,** *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | **No. 3:21-cv-00853** |
| | ) | |
| **v.** | ) | **Chief Judge Crenshaw** |
| | ) | **Magistrate Judge Frensley** |
| **GOVERNOR BILL LEE,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANTS' MEMORANDUM IN SUPPORT
## OF MOTION TO EXCLUDE

Plaintiffs' verified complaint is clear: "the entirely reasonable modification being sought in this case is *community masking: protection of selves and others.*" (Compl,, ECF 1, PageID 10, ⁋ 32). Each verification submitted by Plaintiffs states that the declarant is aware of "the urgent need for a masking mandate." (ECF 5-1). Further, Plaintiff's Motion for Preliminary Injunction similarly states that Plaintiffs "require the reasonable modification of universal masking unencumbered by a conflicting state law." (PI Br., ECF 5-1, PageID 60.) In contrast, nothing in the verified complaint, attached declarations, or Plaintiffs' motion for preliminary injunction and supporting memorandum suggests that any Plaintiff has requested or requires an accommodation that incorporates quarantines.

However, in Plaintiffs' second brief in support of their preliminary injunction, Plaintiffs now indicate that their requested reasonable accommodation is "universal masking and social distancing, including *quarantining* of COVID-19 positive persons." (ECF 27, PageID 186 (emphasis in original)). The Court should reject Plaintiffs' effort to introduce new legal theories unsupported by Plaintiffs' pleadings or motion.

1

***Defendants were not given adequate notice of Plaintiffs' new argument.***

A preliminary injunction is "an 'extraordinary and drastic'" remedy. *Fowler v. Benton*, 924 F.3d 247, 256 (6th Cir. 2019) (quoting *Munaf v. Green*, 533 U.S. 674, 689 (2008)). Accordingly, the Sixth Circuit instructs district courts to apply procedural safeguards for preliminary injunction hearings. *Hunter v. Hamilton Cnty. Bd. of Elections*, 635 F.3d 219, 246 (6th Cir. 2011). While Rule 65(a)(1) does not expressly require a hearing, Supreme Court precedent establishes that "[t]he notice required by Rule 65(a)…implies a hearing in which the defendant is given a fair opportunity to oppose the application and to prepare for such opposition." *Id.* (quoting *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 432 n. 7 (1974) (deeming "same-day notice" insufficient). Significantly, "courts have not hesitated to dissolve a preliminary injunction issued without sufficient notice or opportunity to contest issues of fact or of law." *Id.* at 246 (*quoting Amelkin v. McClure*, 74 F.3d 1240, at *5 (6th Cir. 1996) (unpublished)).

***The lack of adequate notice is prejudicial to Defendants.***

Plaintiffs' submission of a new legal theory, which requires exploration into new facts, less than twenty-four hours before the preliminary injunction hearing, significantly prejudices Defendants. Plaintiffs submitted the new theory after Defendants had identified their witnesses and exhibits for the hearing and after Defendants had any reasonable opportunity to take pre-hearing discovery from Plaintiffs to inquire into the factual basis for this theory. Without the opportunity to perform pre-hearing discovery or identify potentially relevant exhibits or witnesses, Defendants are clearly denied the "sufficient notice [and] opportunity" to contest Plaintiffs' new legal theory.

Because Plaintiffs introduce a new legal theory of "quarantine as accommodation" in support of their motion for preliminary injunction without giving Defendants adequate notice to develop legal defenses, conduct prehearing discovery into the factual predicate of the new theory, or identify exhibits or witnesses with which to rebut Plaintiffs' new theory, the Court should preclude Plaintiffs from making any legal argument or eliciting any evidence in support of this previously undisclosed basis for preliminary injunction.

Respectfully submitted,

HERBERT H. SLATERY III
ATTORNEY GENERAL AND REPORTER

*/s/ Reed N. Smith*
Reed N. Smith - VA Bar No. 77334
(*Admitted PHV*)
James R. Newsom - TN Bar No. 6683
Matthew Dowty - TN Bar No. 32078
Colleen E. Mallea - TN Bar No. 32238


Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202
(615) 741-3491
Jim.Newsom@ag.tn.gov
Reed.Smith@ag.tn.gov
Matthew.Dowty@ag.tn.gov
Colleen.Mallea@ag.tn.gov
*Counsel for Defendants*

3

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2021, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties as indicated below. Parties may access this filing through the Court's electronic filing system.

Brice M. Timmons
Bryce W. Ashby
Craig A. Edgington
Donati Law Firm LLP
brice@donatilaw.com
bryce@donatilaw.com
craig@donatilaw.com
*Counsel for Plaintiffs*


Jessica F. Salonus
The Salonus Firm, PLC
jsalonus@salonusfirm.com
*Counsel for Plaintiffs*


Justin S. Gilbert
Gilbert McWherter Scott Bobbitt PLC
justin@schoolandworklaw.com
*Counsel for Plaintiffs*


*s/ Reed N. Smith*
*Reed Smith, VA Bar No. 77334
Acting Assistant Attorney General
*Admitted Pro Hac Vice*

4