# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| **R.K.**, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 3:21-cv-00853 |
| | ) | |
| v. | ) | **Chief Judge Crenshaw** |
| | ) | **Magistrate Judge Frensley** |
| **GOVERNOR BILL LEE**, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO ADMIT EVIDENCE

The Court must exclude the unauthenticated email purportedly from Liz Alvey, which offers nothing but a legal conclusion.[1] Plaintiffs have not offered any evidence that the email is what it purports to be as required by Federal Rule of Evidence ("FRE") 901 nor is the email self-authenticating under FRE 902. Even if the email were authenticated, "a witness may not testify to a legal conclusion." *Hyland v. HomeServices of America, Inc.*, 771 F.3d 310, 322 (6th Cir. 2014) (citing *Berry v. City of Detroit*, 25 F.3d 1342, 1353 (6th Cir. 1994)). Finally, Plaintiffs purport to offer the document for impeachment purposes, although it does not contradict any witness's testimony. For these reasons, the Court should exclude the proffered email.

### *Plaintiffs Have Not Offered Evidence to Authenticate the Email.*

Pursuant to FRE 901, a proponent of evidence "must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Here, Plaintiffs have not offered the

---

[1] In a related matter brought by the same counsel as Plaintiffs' counsel in this matter, Plaintiffs moved in limine to prevent testimony on legal issues and legal conclusions, arguing "the application and reach of the laws is a matter for the Court." *See R.K. v. Lee*, No. 3:21-cv-725, ECF 62, PageID 1476. The Court agreed and limited testimony to non-legal matters. *See id.*, ECF 79, PageID 2558.

barest support for their assertion that the exhibit they seek to admit is what it purports to be—an email from Liz Alvey. Nor does the document fall under any category of self-authenticating documents under FRE 902. With no evidence of its authenticity, the document is not admissible. *See Haddix v. City of Dayton, Ohio*, 821 F.2d 649 (Table), 1987 WL 37852 (6th Cir. 1987). The unauthenticated document Plaintiffs offer has no evidentiary value and should not be considered by the Court.

### *Legal Conclusion Testimony Is Inadmissible.*

Even if the Court were to accept the document as authentic without extrinsic evidence, Sixth Circuit precedent clearly requires the Court to exclude the document because it is offered solely for the purposes of advancing a legal conclusion. Legal testimony from witnesses is properly excluded "'because the trial judge does not need the judgment of witnesses.'" *U.S. v. Gordon*, 493 F. App'x 617, 627 (6th Cir. 2012) (quoting *United States v. Zipkin*, 729 F.2d 384, 387 (6th Cir. 1984)); *see also Hyland*, 771 F.3d at 322 ("[A] witness may not testify to a legal conclusion." (citing *Berry*, 25 F.3d at 1353)). The purported testimony regarding the validity of the COVID Act (the "Act") is paradigmatic legal conclusion testimony. *Cf. Silberschein v. United States*, 266 U.S. 221, 225 (1924) ("The general allegations of the petition that the Director's decision was arbitrary, unjust and unlawful, and a usurpation of power, are merely legal conclusions."); *Associated Gen. Contractors of Ohio, Inc. v. Drabik*, 214 F.3d 730, 734 (6th Cir. 2000) ("The constitutionality of a statute is a question of law, reviewable de novo." (internal quotation marks omitted)). Because the document purports to speak to the legality of the Act, the Court should exclude it as improper legal opinion evidence.

Plaintiffs' arguments that an attorney's statements may be admissible are not applicable to these facts. Plaintiffs rely on *Williams v. Union Carbide Corp.*, which deals with attorney

representations on behalf of their client during litigation. 790 F.2d 552, 554 (6th Cir. 1986) ("[T]he defendant sought to use the allegations contained in the complaint of an earlier lawsuit which had been filed by the plaintiff."). Attorneys are, of course, able to bind their clients to positions in court proceedings, but an attorney's statement while providing legal advice is intended to inform the client, not represent the client's position. A client may disagree with his attorney's legal advice or interpretation, and clients frequently do so. Therefore, the unauthenticated legal conclusions that Plaintiffs seek to introduce do not necessarily represent the opinions of her purported client. Moreover, the *Williams* court admitted the statements for impeachment purposes, which is not a proper basis here, as explained below. *See id.* at 556 ("The statements made in the previous lawsuit were proper for impeachment under Federal Rule of Evidence 613.").

### *The Document Is Not Proper Impeachment Evidence.*

Finally, the unauthenticated legal conclusion Plaintiffs offer is unsuitable for impeachment purposes. Federal Rule of Evidence 613 allows a "witness's prior inconsistent statement" to be used for impeachment, and even then, only "after the witness is given an opportunity to explain or deny the statement." Here, Plaintiffs seek to use the purported statement of Ms. Alvey to impeach a statement made by Ms. Eve Carney. The purported statement by a third party expressing an opinion about the validity of a statute may indicate disagreement between persons who work for two different agencies but does not constitute impeachment evidence.

## CONCLUSION

For the foregoing reasons, the Court should exclude the unauthenticated email from the record.

3

Case 3:21-cv-00853   Document 40   Filed 11/24/21   Page 3 of 5 PageID #: 992

Respectfully submitted,

HERBERT H. SLATERY III
ATTORNEY GENERAL AND REPORTER

*/s/ Reed N. Smith*
James R. Newsom - TN Bar No. 6683
Reed N. Smith - VA Bar No. 77334*
Matthew Dowty - TN Bar No. 32078
Colleen E. Mallea - TN Bar No. 32238

Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202
(615) 741-3491
Jim.Newsom@ag.tn.gov
Reed.Smith@ag.tn.gov
Matthew.Dowty@ag.tn.gov
Colleen.Mallea@ag.tn.gov
*Counsel for Defendants*

# CERTIFICATE OF SERVICE

       I hereby certify that on November 24, 2021, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties as indicated below. Parties may access this filing through the Court's electronic filing system.

Brice M. Timmons
Bryce W. Ashby
Craig A. Edgington
Donati Law Firm LLP
brice@donatilaw.com
bryce@donatilaw.com
craig@donatilaw.com
*Counsel for Plaintiffs*


Jessica F. Salonus
The Salonus Firm, PLC
jsalonus@salonusfirm.com
*Counsel for Plaintiffs*


Justin S. Gilbert
Gilbert McWherter Scott Bobbitt PLC
justin@schoolandworklaw.com
*Counsel for Plaintiffs*

                                                *s/ Reed N. Smith*
                                                *Reed Smith, VA Bar No. 77334
                                                Acting Assistant Attorney General
                                                *Admitted Pro Hac Vice*