| | |
|---|---|
| **R.K.,** *et al.*, | ) |
| | ) |
| Plaintiffs, | ) No. 3:21-cv-00853 |
| | ) |
| v. | ) **Chief Judge Crenshaw** |
| | ) **Magistrate Judge Frensley** |
| **GOVERNOR BILL LEE,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

# ANSWER

Defendant Bill Lee, in his official capacity as Governor of the State of Tennessee, and Penny Schwinn, in her official capacity as Commissioner of the Tennessee Department of Education (collectively, "Defendants"), respond to the numbered allegations in Plaintiffs' Complaint (ECF 1) and assert their defenses as follows:

## PARTIES

1. Defendants lack sufficient knowledge or information to admit or deny the truth of Plaintiffs' allegations, and therefore deny same. Defendants do not object to the use of pseudonyms to identify Plaintiff R.K. and parent J.K. in the Complaint.

2. Defendants lack sufficient knowledge or information to admit or deny the truth of Plaintiffs' allegations, and therefore deny same. Defendants do not object to the use of pseudonyms to identify Plaintiff W.S. and parent M.S. in the Complaint.

3. Defendants lack sufficient knowledge or information to admit or deny the truth of Plaintiffs' allegations, and therefore deny same. Defendants do not object to the use of pseudonyms to identify Plaintiff S.B. and parents M.B. and L.H. in the Complaint.

1

4. Defendants lack sufficient knowledge or information to admit or deny the truth of Plaintiffs' allegations, and therefore deny same. Defendants do not object to the use of pseudonyms to identify Plaintiff M.S. and parent K.P. in the Complaint.

5. Defendants lack sufficient knowledge or information to admit or deny the truth of Plaintiffs' allegations, and therefore deny same. Defendants do not object to the use of pseudonyms to identify Plaintiff T.W. and parent M.W. in the Complaint.

6. Defendants lack sufficient knowledge or information to admit or deny the truth of Plaintiffs' allegations, and therefore deny same. Defendants do not object to the use of pseudonyms to identify Plaintiff M.K. and parent S.K. in the Complaint.

7. Defendants lack sufficient knowledge or information to admit or deny the truth of Plaintiffs' allegations, and therefore deny same. Defendants do not object to the use of pseudonyms to identify Plaintiff E.W. and parent J.W. in the Complaint.

8. Defendants lack sufficient knowledge or information to admit or deny the truth of Plaintiffs' allegations, and therefore deny same. Defendants do not object to the use of pseudonyms to identify Plaintiff J.M. and parent K.M. in the Complaint.

9. Defendants admit that Bill Lee is the Governor of the State of Tennessee, is thereby vested with the supreme executive power of the state, and is responsible for "tak[ing] care that the laws be faithfully executed." Defendants deny that Governor Lee is responsible for enforcing the COVID Act (or "Act")[1], the legislation at issue in this litigation. Defendants deny that the Act is an "educational statute," as characterized by Plaintiffs. Defendants admit that Governor Lee signed the Act on November 12, 2021. Defendants admit that the State of Tennessee and Office of the Governor are "public entities" as defined under the Americans with Disabilities Act

---

[1] Public Chapter No. 6 (112th General Assembly, 3rd Extraordinary Session—2021).

2

("ADA") and recipients of federal financial assistance. The admission that the State of Tennessee and Office of the Governor are public entities is not an admission that either offer services, programs, or activities at issue in this litigation. Defendants admit the final sentence in this paragraph.

10. Defendants admit that Penny Schwinn is Commissioner of the Tennessee Department of Education ("TDOE"). Defendants deny that Commissioner Schwinn is responsible for all of TDOE's acts and omissions. Defendants admit that TDOE is a "public entity" as defined under the ADA and receives federal financial assistance. The admission that TDOE is a public entity is not an admission that it offers services, programs, or activities at issue in this litigation.

## JURISDICTION AND VENUE

11. Defendants assert that Plaintiffs lack standing and that sovereign immunity applies. Defendants deny that the Court has jurisdiction over Plaintiffs' suit. Defendants deny that the American Rescue Plan Act confers Plaintiffs with any rights or causes of action.

12. Defendants assert that Plaintiffs lack standing and that sovereign immunity applies. Defendants deny that venue is proper.

## INTRODUCTION

13. Defendants admit that Plaintiffs challenge legislation passed by the 112th General Assembly, 3rd Extraordinary Session. Defendants admit that Governor Lee signed the challenged legislation on November 12, 2021.

14. Plaintiffs' allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, denied.

15. Plaintiffs' allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, denied.

16. Defendants admit the statutory language of 42 U.S.C. § 12101(b)(1). As to any remaining allegations, denied.

17. Plaintiffs' allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, denied.

18. Plaintiffs' allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, denied.

## PLAINTIFFS' FACTUAL ALLEGATIONS

19. Defendants lack sufficient knowledge or information to admit or deny the truth of Plaintiffs' allegations and therefore deny same.

20. Defendants admit that Governor Lee issued Executive Orders 84 and 89. Defendants admit that three federal district courts in Tennessee enjoined Executive Orders 84 and 89 in three Tennessee counties. Defendants deny the remaining allegations.

21. Defendants lack sufficient knowledge or information to admit or deny the truth of Plaintiffs' allegations and therefore deny same.

22. Defendants lack sufficient knowledge or information to admit or deny the truth of Plaintiffs' allegations and therefore deny same.

23. Defendants lack sufficient knowledge or information to admit or deny the truth of Plaintiffs' allegations and therefore deny same.

24. Defendants lack sufficient knowledge or information to admit or deny the truth of Plaintiffs' allegations and therefore deny same.

25. Defendants lack sufficient knowledge or information to admit or deny the truth of Plaintiffs' allegations and therefore deny same.

4

26. Defendants lack sufficient knowledge or information to admit or deny the truth of Plaintiffs' allegations and therefore deny same.

27. Defendants lack sufficient knowledge or information to admit or deny the truth of Plaintiffs' allegations and therefore deny same.

28. Defendants lack sufficient knowledge or information to admit or deny the truth of Plaintiffs' allegations and therefore deny same.

29. Defendants admit that there are many strategies for reducing transmission of SARS-CoV-2, the virus that causes COVID-19. Defendants lack sufficient knowledge or information to admit or deny the truth of Plaintiffs' remaining allegations and therefore deny same.

30. Defendants aver that COVID-19 vaccines and various treatment regimens are currently approved through emergency use authorization by the U.S. Food and Drug Administration for children ages 5 and older. Defendants lack sufficient knowledge or information to admit or deny the truth of Plaintiffs' remaining allegations and therefore deny same.

31. Defendants admit that paragraph 31 quotes Attorney General Opinion No. 20-14. Defendants deny Plaintiffs' mischaracterization of Opinion No. 20-14 as "recogniz[ing] the necessity of a mask mandate." Defendants deny any remaining allegations.

32. Defendants admit that Plaintiffs' Complaint addresses the subject of community masking from their local educational agencies as a reasonable accommodation. Defendants lack sufficient knowledge or information to admit or deny the truth of Plaintiffs' remaining allegations and therefore deny same.

33. Defendants deny that a local educational agency's compliance with the Act will threaten its state or federal funding. Defendants lack sufficient knowledge or information to admit or deny the truth of Plaintiffs' remaining allegations and therefore deny same.

34. Defendants lack sufficient knowledge or information to admit or deny the truth of Plaintiffs' allegations and therefore deny same.

35. Plaintiffs' allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, denied.

36. Defendants admit that in a related matter, *R.K. v. Lee*, No. 3:21-cv-725, this Court addressed allegations that Executive Orders 84 and 89 violate the ADA and Section 504 of the Rehabilitation Act ("Section 504"). Defendants admit that the evidentiary hearing held in *R.K. v. Lee*, No. 3:21-cv-725, included expert testimony from Dr. Sara Cross, Dr. Marilyn Augustyn, Dr. Jason Abaluck, and Dr. Jay Bhattacharya.

37. Defendants admit that in *R.K. v. Lee*, No. 3:21-cv-725, the Court made the quoted factual finding. Defendants lack sufficient knowledge or information to admit or deny the underlying facts in support of the finding and therefore deny same.

38. Defendants admit that in *R.K. v. Lee*, No. 3:21-cv-725, the Court made the quoted factual finding. Defendants lack sufficient knowledge or information to admit or deny the underlying facts in support of the finding and therefore deny same.

39. Defendants admit that in *R.K. v. Lee*, No. 3:21-cv-725, the Court made the quoted factual finding. Defendants lack sufficient knowledge or information to admit or deny the underlying facts in support of the finding and therefore deny same.

40. Defendants admit that in *R.K. v. Lee*, No. 3:21-cv-725, the Court made the quoted factual finding. Defendants lack sufficient knowledge or information to admit or deny the underlying facts in support of the finding and therefore deny same.

41. Defendants admit that in *R.K. v. Lee*, No. 3:21-cv-725, the Court made the quoted factual finding. Defendants lack sufficient knowledge or information to admit or deny the underlying facts in support of the finding and therefore deny same.

42. Defendants admit that in *R.K. v. Lee*, No. 3:21-cv-725, the Court made the quoted factual finding. Defendants lack sufficient knowledge or information to admit or deny the underlying facts in support of the finding and therefore deny same.

43. Defendants admit that in *R.K. v. Lee*, No. 3:21-cv-725, the Court made the quoted legal conclusion. To the extent that any additional response is required, denied.

44. Defendants admit that in *R.K. v. Lee*, No. 3:21-cv-725, the Court made the quoted legal conclusions. To the extent that any additional response is required, denied.

45. Defendants admit that in *R.K. v. Lee*, No. 3:21-cv-725, the Court made the quoted legal conclusions. To the extent that any additional response is required, denied.

46. Defendants admit that in *R.K. v. Lee*, No. 3:21-cv-725, the Court entered a preliminary injunction.

47. Defendants lack sufficient knowledge or information to admit or deny the truth of Plaintiffs' allegations and therefore deny same.

48. Defendants admit that the U.S. Secretary of Education addressed a letter to them dated August 18, 2021. Defendants lack sufficient knowledge or information to admit or deny the truth of Plaintiffs' remaining allegations and therefore deny same.

49. Defendants admit that the U.S. Secretary of Education addressed a letter to them dated August 18, 2021. Defendants lack sufficient knowledge or information to admit or deny the truth of Plaintiffs' remaining allegations and therefore deny same.

50. Defendant Schwinn admits that the U.S. Department of Education Office for Civil Rights notified TDOE in August 2021 that it had initiated a directed investigation into whether Executive Order 84 interfered with the ability of schools to comply with their responsibilities under Section 504 and the ADA. Defendants lack sufficient knowledge or information to admit or deny the truth of Plaintiffs' remaining allegations and therefore deny same.

51. Defendants lack sufficient knowledge or information to admit or deny the truth of Plaintiffs' allegations and therefore deny same.

52. Plaintiffs' allegations in this paragraph contain legal conclusions to which no response is required. Defendants specifically deny any effort to nullify federal law. To the extent a response is required, denied.

53. Defendants admit that Governor Lee signed the Act into law on November 12, 2021. The second sentence contains a legal conclusion to which no response is required. To the extent a response is required, denied.

54. Plaintiffs' allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, denied.

55. This paragraph quotes from the Act. The Act speaks for itself, and Defendants deny any characterization of the Act that falls outside of its express language.

56. This paragraph quotes from the Act. The Act speaks for itself, and Defendants deny any characterization of the Act that falls outside of its express language.

57. This paragraph quotes from the Act. The Act speaks for itself, and Defendants deny any characterization of the Act that falls outside of its express language.

58. This paragraph quotes from the Act. The Act speaks for itself, and Defendants deny any characterization of the Act that falls outside of its express language.

59. This paragraph quotes from the Act. The Act speaks for itself, and Defendants deny any characterization of the Act that falls outside of its express language.

60. Plaintiffs' allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, denied.

61. Plaintiffs' allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, denied.

62. Plaintiffs' allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, denied.

63. Plaintiffs' allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, denied.

64. The first sentence is a legal conclusion to which no response is required. The remaining sentences quote from the Act. The Act speaks for itself, and Defendants deny any characterization of the Act that falls outside of its express language.

65. Plaintiffs' allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, denied.

66. The first sentence is legal conclusions to which no response is required. Defendants lack sufficient knowledge or information to admit or deny the truth of Plaintiffs' remaining allegations and therefore deny same.

67. Plaintiffs' allegations in this paragraph assume an unwarranted legal conclusion. Defendants therefore deny all allegations in this paragraph.

68. The first sentence quotes from the Act. The Act speaks for itself, and Defendants deny any characterization of the Act inconsistent with its express language. Defendants deny that

9

Tenn. Code Ann. § 14-2-104(a) applies when masking is requested as a disability-related accommodation. Defendants deny all remaining allegations.

69. Plaintiffs' allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, denied.

70. Plaintiffs' allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, denied.

71. Plaintiffs' allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, denied.

72. Plaintiffs' allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, denied.

73. This paragraph quotes from the Act. The Act speaks for itself, and Defendants deny any characterization of the Act that falls outside of its express language.

74. Plaintiffs' allegations in this paragraph contain legal conclusions and speculation to which no response is required. To the extent a response is required, denied.

75. Plaintiffs' allegations in this paragraph contain legal conclusions and speculation to which no response is required. To the extent a response is required, denied.

76. The first and second sentences quote from the Act. The Act speaks for itself, and Defendants deny any characterization of the Act that falls outside of its express language. The third sentence is a legal conclusion to which no response is required. To the extent a response is required, denied.

77. Plaintiffs' allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, denied.

78. Defendants lack sufficient knowledge or information to admit or deny the truth of Plaintiffs' allegations in sentence one and therefore deny same. The remaining sentences contain legal conclusions to which no response is required. To the extent a response is required, denied.

79. Defendants lack sufficient knowledge or information to admit or deny the truth of Plaintiffs' allegations and therefore deny same.

80. Defendants lack sufficient knowledge or information to admit or deny the truth of Plaintiffs' allegations and therefore deny same.

81. Defendants lack sufficient knowledge or information to admit or deny the truth of Plaintiffs' allegations and therefore deny same.

82. Defendants lack sufficient knowledge or information to admit or deny the truth of Plaintiffs' allegations and therefore deny same.

83. Regarding sentences one and two, Defendants lack sufficient knowledge or information to admit or deny the truth of Plaintiffs' allegations and therefore deny same. Sentence three is a legal conclusion to which no response is required. To the extent a response is required, denied.

84. Defendants lack sufficient knowledge or information to admit or deny the truth of Plaintiffs' allegations and therefore deny same.

85. Defendants lack sufficient knowledge or information to admit or deny the truth of Plaintiffs' allegations and therefore deny same.

86. Plaintiffs' allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, denied.

## PLAINTIFFS' CLASS ALLEGATIONS

87. Defendants admit that Plaintiffs purport to bring suit pursuant to Fed. R. Civ. P. 23(b)(2) on behalf of themselves and putative class members. Defendants deny that class treatment is appropriate in this case. Defendants lack sufficient knowledge or information to admit or deny the truth of Plaintiffs' remaining allegations and therefore deny same.

88. Defendants admit that Plaintiffs are seeking to represent a class of persons. Defendants deny that class treatment is appropriate in this case. Defendants lack sufficient knowledge or information to admit or deny the truth of Plaintiffs' remaining allegations and therefore deny same.

89. Defendants admit that Plaintiffs purport to bring suit pursuant to Fed. R. Civ. P. 23 on behalf of themselves and putative class members. Plaintiffs' remaining allegations in this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, denied.

90. Plaintiffs' allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, denied.

91. Plaintiffs' allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, denied.

92. Plaintiffs' allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, denied.

93. Plaintiffs' allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, denied.

94. Plaintiffs' allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, denied.

a. Defendants lack sufficient knowledge or information to admit or deny the truth of Plaintiffs' allegations and therefore deny same.

b. Defendants lack sufficient knowledge or information to admit or deny the truth of Plaintiffs' remaining allegations and therefore deny same.

c. Defendants lack sufficient knowledge or information to admit or deny the truth of Plaintiffs' remaining allegations and therefore deny same.

d. Defendants lack sufficient knowledge or information to admit or deny the truth of Plaintiffs' remaining allegations and therefore deny same.

e. Defendants lack sufficient knowledge or information to admit or deny the truth of Plaintiffs' remaining allegations and therefore deny same.

95. Defendants admit that Plaintiffs seek declaratory and injunctive relief and to certify their proposed class. Defendants deny that Plaintiffs are entitled to relief. Defendants deny any remaining allegations.

96. Plaintiffs' allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, denied.

## CAUSES OF ACTION

### First Cause of Action:
### Discrimination on the Basis of Disability in Violation of the ADA

97. Defendants rely on their responses to Paragraphs 1-96.

98. Plaintiffs' allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to relief.

99. Plaintiffs' allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to relief.

100. Plaintiffs' allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to relief.

101. Defendants admit the statutory language of 42 U.S.C. § 12132.

102. Plaintiffs' allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to relief.

    a. Plaintiffs' allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to relief.

    b. Plaintiffs' allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to relief.

    c. Plaintiffs' allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to relief.

    d. Plaintiffs' allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to relief.

103. Plaintiffs' allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to relief.

104. Plaintiffs' allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to relief.

105. Plaintiffs' allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to relief.

## Second Cause of Action:
## Violation of Section 504 of the Rehabilitation Act of 1973

106. Defendants rely on their responses to Paragraphs 1-105.

107. Plaintiffs' allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to relief.

108. Plaintiffs' allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to relief.

109. Plaintiffs' allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants admit that the State of Tennessee receives federal financial assistance. As to any remaining allegations, Defendants deny that Plaintiffs are entitled to relief.

110. Plaintiffs' allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to relief.

111. Plaintiffs' allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to relief.

    a. Plaintiffs' allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to relief.

    b. Plaintiffs' allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to relief.

    c. Plaintiffs' allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to relief.

112. Plaintiffs' allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to relief.

113. Plaintiffs' allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to relief.

### Third Cause of Action:
### Violation of the Equal Protection Clause Pursuant to 42 U.S.C. § 1983

114. Defendants rely on their responses to Paragraphs 1-113.

115. Plaintiffs' allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to relief.

116. Plaintiffs' allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to relief.

117. Plaintiffs' allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to relief.

118. Plaintiffs' allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to relief.

119. Defendants admit the statutory language of Tenn. Code Ann. § 14-1-102.

120. Plaintiffs' allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to relief.

121. Plaintiffs' allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to relief.

122. Plaintiffs' allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to relief.

123. Plaintiffs' allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to relief.

124. Plaintiffs' allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to relief.

## Fourth Cause of Action:
## Violation of the Supremacy Clause Pursuant to 42 U.S.C. § 1983

125. Defendants rely on their responses to Paragraphs 1-124.

126. Plaintiffs' allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to relief.

127. Plaintiffs' allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to relief.

128. Plaintiffs' allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to relief.

129. Plaintiffs' allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to relief.

130. Plaintiffs' allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to relief.

131. Plaintiffs' allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to relief.

132. Plaintiffs' allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to relief.

## **PLAINTIFFS' REQUEST FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

133. Defendants rely on their responses to Paragraphs 1-132.

134. Defendants admit that Plaintiffs previously sought a temporary restraining order. Defendants deny that Plaintiffs were, or are, entitled to such relief.

17

Case 3:21-cv-00853   Document 47   Filed 12/13/21   Page 17 of 20 PageID #: 1177

135. Defendants admit that Plaintiffs previously sought, and have been granted, a preliminary injunction. Defendants deny that Plaintiffs were, or are, entitled to such relief.

136. Defendants deny any allegation not specifically admitted, qualified, or denied in the foregoing responses.

## **PLAINTIFFS' PRAYER FOR RELIEF**

137. Defendants deny that Plaintiffs are entitled to any of the relief requested in their Complaint.

## **GENERAL DEFENSES**

Having answered Plaintiffs' Complaint, Defendants raise the following defenses:

1. Plaintiffs' Complaint fails to state a claim for which relief can be granted.

2. Plaintiffs lack standing to bring suit on behalf of themselves or the putative class members.

3. Plaintiffs' local educational agencies, not Defendants, are the only entities capable of providing Plaintiffs with the accommodations or modifications allegedly needed to avoid disability discrimination in the K-12 public educational setting.

4. Defendants have not violated the ADA, Section 504, Equal Protection Clause, or Supremacy Clause.

5. Defendants have sovereign immunity from all claims, and the *Ex Parte Young* doctrine does not apply.

6. Defendants assert that one or more of Plaintiffs' requested accommodations are not reasonable, require fundamental transformation of public services, and impose undue financial and administrative burdens.

7. Plaintiffs have asserted a facial challenge to the Act. However, if Plaintiffs' challenge is not treated as a facial challenge, and to avoid waiver, Defendants assert that Plaintiffs have not exhausted administrative remedies as required by the Individuals with Disabilities Education Act.

Respectfully submitted,

HERBERT H. SLATERY III
ATTORNEY GENERAL AND REPORTER

*s/ James R. Newsom*
James R. Newsom - TN Bar No. 6683
Reed N. Smith - VA Bar No. 77334*
Matthew Dowty - TN Bar No. 32078
Colleen E. Mallea - TN Bar No. 32238

Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202
(901) 543-2473
Jim.Newsom@ag.tn.gov
Reed.Smith@ag.tn.gov
Matthew.Dowty@ag.tn.gov
Colleen.Mallea@ag.tn.gov
*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2021, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties as indicated below. Parties may access this filing through the Court's electronic filing system.

Brice M. Timmons
Bryce W. Ashby
Craig A. Edgington
Donati Law Firm LLP
brice@donatilaw.com
bryce@donatilaw.com
craig@donatilaw.com
*Counsel for Plaintiffs*

Jessica F. Salonus
The Salonus Firm, PLC
jsalonus@salonusfirm.com
*Counsel for Plaintiffs*

Justin S. Gilbert
Gilbert Law PLC
justin@schoolandworklaw.com
*Counsel for Plaintiffs*

*s/ Reed N. Smith*
Reed Smith - VA Bar No. 77334*
Acting Assistant Attorney General
*Admitted Pro Hac Vice*