UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| R.K., a minor, by and through her mother and and next friend, J.K; W.S., a minor, by and through her parent and next friend, M.S.; S.B., a minor, by and through his parents and next friends, M.B and L.H.; M.S., a minor, by and through her parent and next friend, K.P.; T.W., a minor, by and through her parent and next friend, M.W.; M.K., a minor, by and through her parent and next friend, S.K.; E.W., a minor, by and through his parent and next friend, J.W.; and J.M., a minor, by and through her parent and next friend, K.M; and on behalf of those similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>BILL LEE, in his official capacity as Governor of Tennessee; and PENNY SCHWINN, in her official capacity as Commissioner of the Tennessee Department of Education,<br><br>      Defendants. | No: 3:21-cv-00853 |

## MEMORANDUM OPINION AND ORDER

After this Court granted Plaintiffs' Motion for a Preliminary Injunction (Doc. No. 5) and enjoined enforcement of Tennessee Code Annotated § 14-4-101(b) as it relates to certain provisions regarding public school districts, Defendants filed a Notice of Appeal (Doc. No. 53). Notwithstanding that the appeal remains pending before the Sixth Circuit, Plaintiffs have now filed a Motion for Attorney's Fees (Doc. No. 50). Because their request is premature under the particular facts of this case, Plaintiffs' motion will be denied without prejudice.

"In the United States, parties are ordinarily required to bear their own attorney's fees – the

prevailing party is not entitled to collect from the loser." Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res., 532 U.S. 598, 602 (2001). There are, of course, exceptions to the "American Rule," including 42 U.S.C. § 1988(b) and 29 U.S.C. § 794a(b), both of which allow a court to "allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

Plaintiffs insist they are "prevailing parties." This is true in the sense that they sought and received an Order that mandated a return to local decision-making when it comes to masking and the quarantining of school children, just as it had been before Governor Lee issued Executive Order No. 84, and the Tennessee Legislature wrote a new chapter into the Tennessee Code. However, "prevailing party" is a "legal term of art[.]" Buckannon, 532 U.S. at 603.

"The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." Texas State Teachers Assn. v. Garland Independent School Dist., 489 U.S. 782, 792–793 (1989). Further, any "court-ordered change in the legal relationship" between a plaintiff and defendant must be 'enduring' and irrevocable." McQueary v. Conway, 614 F.3d 591, 597 (6th Cir. 2010) (quoting Sole v. Wyner, 551 U.S. 74, 86 (2007)).

"A preliminary injunction . . . does not establish prevailing-party status if it is 'reversed, dissolved, or otherwise undone by the final decision in the same case,' because § 1988 requires lasting relief, not the temporary, 'fleeting success' such an injunction represents." Id.; see also Sole, 551 U.S. at 86 (citation omitted) ("A plaintiff who 'secur[es] a preliminary injunction, then loses on the merits as the case plays out and judgment is entered against [her],' has '[won] a battle but los[t] the war.'"). "Thus, 'when a claimant wins a preliminary injunction and nothing more, that usually

will not suffice to obtain fees under § 1988." Planned Parenthood Sw. Ohio Region v. Dewine, 931 F.3d 530, 538 (6th Cir. 2019).

Although the general rule is that interim fees are not awarded based upon the issuance of a preliminary injunction, there are "occasional exceptions" to the rule. McQueary, 614 F.3d at 597. The Sixth Circuit has noted the following examples and observations:

> When protesters seek an injunction to exercise their First Amendment rights at a specific time and place – say to demonstrate at a Saturday parade – a preliminary injunction will give them all the court-ordered relief they need and the end of the parade will moot the case. In what way are such claimants not prevailing parties? We think they are. The same is true of a government employee who seeks to exclude an unconstitutionally obtained report from an administrative hearing and obtains a preliminary injunction that irrevocably excludes the report. So also for a plaintiff who seeks to delay enforcement of a statute until a certain event occurs—say a scheduled public referendum—and the preliminary injunction brings about that result.

Id. at 599.

This case is unlike any of those examples. Instead, and even though the stakes may be high for some students, procedurally this was a run-of-the-mill case where a preliminary injunction was issued, and an appeal followed in the normal course. It is not a "complex case[] of long duration [where] delaying a fee award until the conclusion of litigation 'would work substantial hardship on plaintiffs and their counsel' and discourage the institution of actions that Congress intended to encourage by passage of attorney fee statutes." Webster v. Sowders, 846 F.2d 1032, 1036 (6th Cir. 1988) (quoting Bradley v. Sch. Bd. of City of Richmond, 416 U.S. 696, 723 (1974)).

Nor is this case like Tucker v. City of Fairfield, No. 1:03-CV-607, 2006 WL 314492 (S.D. Ohio Feb. 8, 2006) on which Plaintiffs rely. There, like here, the court entered a preliminary injunction after making extensive findings of fact and conclusions of law and holding an evidentiary hearing. But unlike here, the preliminary injunction was granted "under the same terms and

3

conditions as the temporary restraining order" that preceeded it, "the Sixth Circuit Court of Appeals affirmed that decision," and "the U.S. Supreme Court denied Defendants' petition for certiorari." Id. at *1. Here, there is no such track record. Even though the Court believes it was correct in issuing the preliminary injunction, it has no way of divining what the Sixth Circuit (or theoretically the Supreme Court) will decide. In short, Plaintiffs' "initial victory" may or may not be "ephemeral." Sole, 551 U.S. at 86.

Because the issuance of a preliminary injunction, standing alone, does not normally lead to an award of attorney's fees, requests for such fees must be "approached with both hesitancy and skepticism." Miller v. Caudill, 936 F.3d 442, 448 (6th Cir. 2019). That caution requires the Court to deny interim fees, recognizing that those fees will be recouped should the Sixth Circuit affirm this Court's Preliminary Injunction and Plaintiffs ultimately prevail.

Accordingly, Plaintiffs' Motion for Attorney's Fees (Doc. No. 50) is **DENIED WITHOUT PREJUDICE**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE